186 N.J. Super. 316 (1982)
452 A.2d 678
ROBERT TRINTER, PETITIONER-RESPONDENT,
v.
ESNA DIVISION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1982.
Decided October 20, 1982.
*317 Before Judges MATTHEWS, ANTELL and FRANCIS.
George J. Kenny argued the cause for appellant (Connell, Foley & Geiser, attorneys).
Otto C. Staubach argued the cause for respondent (Weiner, Staubach, Edelson & Hopmayer, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
This appeal contests the construction given N.J.S.A. 34:15-12(c)(21) by a judge of the Division of Workers' Compensation  specifically, whether the 30% incremental awards made under that section are limited to amputations of the hand, arm, foot or leg.
Petitioner was injured in the course of his employment with respondent ESNA. A press came down on his right hand and his right second finger had to be amputated into the proximal phalanges. The award for the amputated finger amounted to $1,880. The judge awarded petitioner an additional 30%, or *318 $564, for that amputation based on his construction of N.J.S.A. 34:15-12(c)(21). Respondent's appeal is limited to the award of this 30% increment. It contends that § 12(c)(21) deals specifically with amputation awards scheduled for the loss of the hand, arm, foot or leg and that the 30% increment is limited to the loss of those body members. The judge, in awarding the increment, construed the term "body member" as used in N.J.S.A. 34:15-12(c)(21):
I construe that to mean also fingers because the finger is a body member. There's no limitation that the additional amount shall apply only to the members enumerated within that paragraph.
We disagree. N.J.S.A. 34:15-12 sets forth the schedule of payments to be made to workers as compensation for work-related injuries. N.J.S.A. 34:15-12(c) concerns the schedule of payments for permanent partial disabilities, and paragraph (21), the paragraph in dispute, states:
Amputation between the elbow and the wrist shall be considered as the equivalent of the loss of a hand and amputation at the elbow shall be equivalent to the loss of the arm. Amputation between the knee and ankle shall be considered as the equivalent of the loss of a foot, and amputation at the knee shall be considered equivalent to the loss of the leg. An additional amount of 30% of the amputation award shall be added to that award to compute the total award made in amputations of body members, provided however that this additional amount shall not be subject to legal fees.
Since N.J.S.A. 34:15-12 was amended by L. 1979, c. 283, § 5 (eff. January 10, 1980), 12(c)(21) has not had a judicial construction. There is ambiguity in the language of that paragraph, and the term "body members," if not qualified, includes fingers, but reading § 12(c) as a whole in conjunction with the available legislative history requires a construction that the term as used in § (21) is only meant to refer to hands, arms, feet and legs.
N.J.S.A. 34:15-12(c) has an introductory paragraph which explains that it applies to payments for disabilities "partial in character and permanent in quality." Next, a disability wage and compensation schedule is set out, and this is followed by 23 enumerated paragraphs, of which N.J.S.A. 34:15-12(c)(21) is the twenty-first. N.J.S.A. 34:15-12(c)(1) to (11) sets forth the basic schedule of compensation for loss of anatomically distinct parts *319 of the body: thumb, first finger, second finger, third finger, fourth finger, great toe, all other toes, hand, arm, foot and leg. These first 11 paragraphs are set out in table form, with the table divided into two columns; the left-hand colum is headed "Lost Member" and the right-hand column is headed "Number of Weeks Compensation." According to this table, a finger is a "lost member." N.J.S.A. 34:15-12(c)(2) to (5). This provides some support for the compensation judge's construction of "body member." It is significant, however, that only paragraphs 8 through 11 (hand, arm, foot, and leg) were amended by L. 1979, c. 283, § 5, to provide increased compensation for loss of those members. Paragraphs 1 through 7 were left untouched. The significance of this failure to provide increased compensation for lost members in the first seven categories (thumb, fingers, toes) will be apparent upon examination of the legislative history of L. 1979, c. 283, § 5.
Paragraphs 12 through 23 generally instruct on the amount of compensation that is to be awarded to a worker whose injury does not neatly fit into one of the categories specified in paragraphs 1 through 11. For instance, paragraphs 12 and 13 concern the compensation payable for the loss of part of a thumb or finger, and paragraphs 14 and 15 deal with the amount payable for the loss of part of a toe. The first sentence of paragraph 21 concerns the compensation payable for loss of part of an arm or leg. The amounts payable are determined by reference to paragraphs 1 through 11.
The first sentence of paragraph 21 existed prior to and was unchanged by the 1980 amendments. Those amendments added to paragraph 21 the controverted sentence which provides for an amount to be added to the standard award "made in amputations of body members." N.J.S.A. 34:15-12(c)(21). Although the language of the added sentence is general, its location within paragraph 21 is significant. Given the paragraph structure of § 12(c) and the division of topics among those paragraphs, the logical conclusion is that if the added sentence was to apply to body members other than hands, arms, feet and legs *320 (the members treated in the first sentence of paragraph (21)), it would have been set off in a numbered paragraph of its own. Such a format would present a much stronger case for the compensation judge's construction. The location of the added sentence within paragraph (21) is indication that the Legislature intended the 30% increment to apply only to awards made for loss of a hand, arm, foot or leg.
An examination of the legislative history to the 1980 amendments reveals strong support for the above view of the Legislature's intent. The Joint Legislative Statement accompanying the amendment to N.J.S.A. 34:15-12 evidences the desire of the Legislature to increase benefits for more serious injuries:
This bill is a revision of New Jersey's Workers' Compensation Law and would make available additional dollars for benefits to seriously disabled workers while eliminating, clarifying or tightening awards of compensation based upon minor permanent partial disabilities not related to the employment.
The bill would put significantly more money into the hands of the more seriously injured workers while providing genuine reform and meaningful cost containment for New Jersey employers from unjustified workers' compensation costs that are presently among the highest in the nation.
This legislation will increase the current maximum $40.00 per week permanent disability rate to maximum weekly rates ranging up to 75% of the statewide average weekly wage based upon the degree of disability awarded. It would also increase the current maximum rate established for temporary disability, permanent total disability and dependency claims from 66 1/3% of the statewide average weekly wage to 75% of the statewide average weekly wage. Calculated on the basis of the statewide average weekly wage used to determine 1979 awards, maximum awards to workers for work-related amputations would increase by approximately these amounts: arm-$12,000 to $55,340; leg-$11,000 to $52,825; hand-$9,200 to $33,440; and foot-$8,000 to $28,100. Since these awards are based on a percentage of the statewide average weekly wage, they will increase as the average wage increases. New Jersey's rank among the 48 contiguous states for these maximum amputation awards would improve as follows: arm, 47th to 6th; leg, 47th to 5th; hand, 47th to 13th; and foot, 46th to 13th. [Emphasis supplied]
We must construe the statute with the legislative history in mind. As noted above, the number of weeks of compensation to be paid for amputation of a thumb, finger or toe was not changed by the 1980 amendments. N.J.S.A. 34:15-12(c)(1) to (7). The number of weeks of compensation to be paid for loss of a hand, arm, foot or leg, however, was increased by the 1980 *321 amendments. This comports with the expressed intent of the Legislature to make increased awards to "more seriously injured workers." See Gothelf v. Oak Point Dairies, 184 N.J. Super. 274, 279-281 (App.Div. 1982).
The 30% increment awarded by the judge of compensation is vacated and the judgment, as modified, is
Affirmed.